# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ADEWALE TITUS BODUDE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. 25-1931 (RJL) |
| | ) | |
| U.S. DEPARTMENT OF STATE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION
July _8ᵗʰ,_ 2026 [Dkt. #15]

Plaintiffs Adewale Titus Bodude, a Nigerian national, and his U.S. citizen brother Ebenezer Adebayo Bodude challenge the denial of a visa petition submitted by Adewale. Plaintiffs allege that the denial burdens Ebenezer's constitutional rights. Now before the Court is the Government's motion to dismiss the complaint. For the following reasons, I will **GRANT** the motion to dismiss.

## BACKGROUND

### I.    Factual Background

Plaintiff Adewale Titus Bodude is a Nigerian citizen. Am. Compl. [Dkt. #12-4] ¶ 24. His brother, plaintiff Ebenezer Adebayo Bodude, is a U.S. citizen. *Id.* ¶ 25. In July 2007, Ebenezer filed a Form I-130 visa petition for his brother, Adewale. *Id.* ¶ 37. A consular officer denied the petition because Adewale's Nigerian passport listed an incorrect birth date. *Id.* ¶¶ 42–43. The consular official denied the visa petition pursuant to section

1

212(a)(6)(C)(i) of the Immigration and Nationality Act, which provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure . . . a visa" is ineligible for admission. 8 U.S.C. § 1182(a)(6)(C)(i); Am. Compl. ¶ 18.

Plaintiffs allege, however, that the inaccurate birth date was due to a misunderstanding and not the result of intentional fraud or willful misrepresentation. Am. Compl. ¶¶ 38–43. Plaintiffs state that Adewale was issued a passport with the incorrect birth date and though Adewale raised concerns with Nigerian authorities, the authorities "advised him to continue using the passport." *Id.* ¶ 41. Thus, plaintiffs contend that the denial of Adewale's visa petition was wrongful and infringes Ebenezer's constitutional right to family unity. *Id.* ¶¶ 45, 49.

## II.    This Lawsuit

On June 20, 2025, plaintiff Adewale Titus Bodude sued in this Court, asserting a claim under the Administrative Procedure Act ("APA"). Compl. [Dkt. #1] ¶¶ 46–51. On September 8, 2025, the Government moved to dismiss the complaint. Defs.' Mot. to Dismiss [Dkt. #9].

On October 13, 2025, plaintiff moved, unopposed, to amend his complaint. *See* Pl.'s Mot. to Amend Compl. [Dkt. #12]; Defs.' Notice [Dkt. #14]. The Amended Complaint adds plaintiff Ebenezer Adebayo Bodude as a party, *see* Am. Compl. ¶ 1, and asserts a single theory that the Government's denial of Adewale's visa application infringes Ebenezer's constitutional right to family unity, *id.* ¶¶ 49, 51.

Due to a lapse in Government appropriations beginning September 30, 2025, plaintiffs' motion to amend was held in abeyance. *See* Min. Order (Oct. 16, 2025). On

November 24, 2025, the Government noticed its non-opposition to plaintiffs' motion to amend, *see* Notice [Dkt. #14], and the Court granted plaintiffs leave to file the amended complaint, *see* Min. Order (Nov. 25, 2025). The Court also denied the Government's motion to dismiss the original complaint as moot. *Id.*

The Government filed its motion to dismiss the amended complaint on February 6, 2026. *See* Defs.' Mot. to Dismiss Am. Compl. ("Mot.") [Dkt. #15]. Plaintiffs filed their response on February 28, 2026. *See* Pls.' Opp'n to Mot. to Dismiss ("Opp'n") [Dkt. #16]. The Government filed its reply in support of its motion on April 8, 2026. *See* Defs.' Reply in Supp. [Dkt. #18]. The motion to dismiss is now ripe for decision.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff bears the burden of establishing the Court's subject-matter jurisdiction by a preponderance of the evidence. *Scruggs v. Bureau of Engraving & Printing*, 200 F. Supp. 3d 78, 81 (D.D.C. 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). When considering a motion to dismiss under Rule 12(b)(1), the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept the facts

3

alleged as true and draw all reasonable inferences in favor of the plaintiff. *Id.* However, the Court need not accept "[t]hreadbare recitals of the elements" or "conclusory statements." *Id.*

**ANALYSIS**

### I.    Dismissal Under Rule 12(b)(1)

The Court must first ensure that it has subject-matter jurisdiction over plaintiffs' claims before proceeding to the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998).

The Government argues that plaintiffs lack standing to sue the Department of Homeland Security ("DHS") and the Department of Justice ("DOJ"). *See* Mot. at 2–4. The Government argues that these defendants "have no alleged role in re-adjudicating" plaintiff's visa petition, *id.* at 2, and therefore they must be dismissed from the lawsuit. I agree.

"To demonstrate standing under Article III, a party must show injury in fact that was caused by the conduct of the defendants and that can be redressed by judicial relief." *Pub. Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1289 (D.C. Cir. 2007) (citing *Lujan*, 504 U.S. at 560–61). Standing "must be demonstrated for each claim against each defendant." *Whitlock v. U.S. Dep't of Homeland Sec.*, 2022 WL 424983, at *4 (D.D.C. Feb. 11, 2022); *see also Davis v. FEC*, 554 U.S. 724, 734 (2008) ("Standing is not dispensed in gross.") (cleaned up).

The Government does not dispute that plaintiffs have suffered an injury here. "The loss of a significant opportunity to receive an immigrant visa is itself a concrete injury

4

cognizable by the federal courts." *Thatikonda v. U.S. Dep't of Homeland Sec.*, 2022 WL 425013, at *4 (D.D.C. Feb. 11, 2022) (cleaned up) (quoting *Rossville Convenience & Gas, Inc. v. Garland*, 2021 WL 5865446, at *7 (D.D.C. Dec. 10, 2021)).  However, to convey standing to sue a particular defendant, plaintiffs' injury must be "caused by" that defendant. *Pub. Citizen*, 489 F.3d at 1289.  On that ground, plaintiffs' complaint falters.

Plaintiffs name both DHS and DOJ as defendants in this action.  *See* Am. Compl. ¶¶ 27–28.  But their complaint alleges no involvement by either entity in the processing or denial of the visa petition at issue.  Indeed, the complaint's only allegation concerning DHS is that "DHS is responsible for implementing and enforcing the INA."  *Id.* ¶ 27.  As for DOJ, plaintiffs merely allege that DOJ "has an integral role in all complaints filed against" the United States.  *Id.* ¶ 28.  Because plaintiffs have not alleged that DHS or DOJ were involved in the adjudication of plaintiff's visa, plaintiffs have not shown that the alleged injury was, in any way, "caused by" these agencies.  *Pub. Citizen*, 489 F.3d at 1289. Therefore, plaintiffs lack standing to sue these agencies.  *See, e.g., Siddiqui v. Blinken*, 646 F. Supp. 3d 69, 75 (D.D.C. 2022) (dismissing DHS and DOJ officials from immigration suit where plaintiff failed to allege involvement in challenged visa application process).

Accordingly, Plaintiffs' claims against DHS and DOJ will be dismissed without prejudice.

## II.    Dismissal Under Rule 12(b)(6)

The Government argues that plaintiffs' single claim against the Department of State should be dismissed for failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6).  The Government argues that the consular non-reviewability doctrine bars plaintiffs' claim.

Mot. at 4–6. The Government also argues that the claim fails on the merits. Mot. at 6–8. Because I agree that plaintiffs' claim against the Department of State is barred by consular non-reviewability, I will dismiss that claim with prejudice.

"Consular nonreviewability shields a consular official's decision to issue or withhold a visa from judicial review, at least unless Congress says otherwise." *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021); *see also Dep't of State v. Muñoz*, 602 U.S. 899, 908 (2024). The INA "does not authorize judicial review of a consular officer's denial of a visa; thus, as a rule, the federal courts cannot review those decisions." *Muñoz*, 602 U.S. at 908. The case before me clearly challenges the denial of a visa application; it therefore plainly implicates the consular non-reviewability doctrine.

There are two "narrow" exceptions to the consular non-reviewability doctrine. *Baan Rao*, 985 F.3d at 1024–25. First, judicial review is available "when the denial of a visa allegedly burdens the constitutional rights of a U. S. citizen." *Muñoz*, 602 U.S. at 908 (quoting *Trump v. Hawaii*, 585 U.S. 667, 703 (2018)). If so, courts consider "whether the Executive gave a 'facially legitimate and bona fide reason' for denying the visa." *Id.* (quoting *Kerry v. Din*, 576 U.S. 86, 103–04 (2015) (Kennedy, J., concurring in judgment)); *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972). Second, judicial review is available if "expressly authoriz[ed]" by statute. *Baan Rao*, 985 F.3d at 1025 (quoting *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C. Cir. 1999)).

Plaintiffs attempt to fit this case into the exception for the denial of a constitutional right. As for plaintiff Adewale Titus Bodude, he "cannot invoke the exception himself, because he has no 'constitutional right of entry to this country as a nonimmigrant or

6

otherwise.'" *Muñoz*, 602 U.S. at 908 (quoting *Mandel*, 408 U.S. at 762); *see also United States ex rel. Knauff v. Shaugnessy*, 338 U.S. 537, 542–44 (1950). That is enough to dispose of this case as to Adewale.

As for plaintiff Ebenezer Adebayo Bodude, a U.S. citizen, he asserts that the denial of his brother's visa application burdens his "constitutional right to family unity." Am. Compl. ¶¶ 49, 51. Please! Plaintiffs, not surprisingly, provide no authority for the proposition that a U.S. citizen has a constitutional liberty interest in the admission of his noncitizen sibling. Indeed, the Supreme Court has held that "a citizen does not have a fundamental liberty interest in her *noncitizen spouse* being admitted to the country." *Muñoz*, 602 U.S. at 909 (emphasis added); *see also Colindres v. Dep't of State*, 71 F.4th 1018, 1023 (D.C. Cir. 2023) ("[C]itizens have no fundamental right to live in America with their spouses."). If a citizen does not have a constitutional liberty interest in the admission of her noncitizen spouse, then surely Ebenezer has no constitutional liberty interest in the admission of his noncitizen brother!

Undaunted, plaintiffs argue that *Mandel* preserves a limited judicial inquiry into whether the Government provides a "facially legitimate and bona fide reason" to deny Adewale's visa application. Opp'n at 4. However—as plaintiffs cannot help but recognize—the limited judicial inquiry under *Mandel* is permitted only where "a U.S. citizen's rights are implicated" by the denial of a visa petition. *Id.*; *see Munoz*, 602 U.S. at 908. Because no constitutional rights are implicated by the denial of Adewale's visa petition, *Mandel* does not apply.

Accordingly, the consular non-reviewability doctrine applies in full to bar judicial review of plaintiffs' claim. I will therefore dismiss the remainder of plaintiff's complaint with prejudice.

## CONCLUSION

For the foregoing reasons, I will **GRANT** the Government's motion to dismiss. A separate order will accompany this opinion.

RICHARD J. LEON
United States District Judge